**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Harvey J Dockstader, Jr.,<br><br>Defendant. | No. CV-25-08139-PCT-KML<br><br>**ORDER** |

Plaintiff filed this suit to reduce to judgment approximately $1.4 million in federal tax assessments. (Doc. 1.) Utility records and homeowner's insurance records indicate defendant Harvey J. Dockstader, Jr. lives at a home on Heritage Lane in Colorado City, Arizona. Dockstader also listed that as his return address in correspondence earlier this year. (Doc. 6-1 at 2.) A process server attempted to serve Dockstader at the address but a "female who would not answer any questions or confirm [Dockstader] is known" stated he did not live at the address. (Doc. 6-2 at 1.) A process server attempted service at two other addresses in Colorado City associated with Dockstader, but those attempts were not successful. The process server then made additional service attempts at the Heritage Lane address. During the final attempt at that address by the process server, an individual "lunged at [the process server] when [the process server] tried to drop serve the documents." (Doc. 6-2 at 1.) A car registered to Dockstader likely was present at the time.

In addition to these attempts, plaintiff mailed waiver of service packets to the Heritage Lane address and to a P.O. Box associated with Dockstader. (Doc. 6-1 at 4.) No

response was received.

Federal Rule of Civil Procedure 4(e)(1) permits service by following state law "where the district court is located or where service is made[.]" In Arizona, if a party shows that service by ordinary means is "impracticable," the court may allow service by another manner. Ariz. R. Civ. P. 4.1(k)(1). The impracticable standard "does not mean impossible, but rather that service would be extremely difficult or inconvenient." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (simplified).

Plaintiff requests permission to serve Dockstader via publication. Under Arizona Rule of Civil Procedure 4.1(l), service by publication is permissible only if

> (A) the serving party, despite reasonably diligent efforts, has been unable to determine the person's current address; or the person to be served has intentionally avoided service of process;
>
> (B) service by publication is the best means practicable in the circumstances for providing the person with notice of the action's commencement; and
>
> (C) the motion is supported by affidavit that sets forth the serving party's reasonably diligent efforts to serve the person.

Here, plaintiff's repeated service attempts indicate Dockstader likely "has intentionally avoided service of process" at the Heritage Lane address. If that is not Dockstader's current address, plaintiff has been unable to locate Dockstader's current address despite diligent efforts. Plaintiff has already made repeated attempts at in-person service and mailed copies of the service forms to Dockstader without response, rendering service by publication the best alternative means practicable. And plaintiff's motion is supported by an affidavit outlining plaintiff's efforts. Service by publication is appropriate. Consistent with Ariz. R. Civ. P. 4.1(l)(2), plaintiff must publish notice of this suit in an appropriate newspaper once a week for four successive weeks.

**IT IS ORDERED** the Motion for Service by Publication (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** the United States shall mail copies of the summons, complaint, civil cover sheet, the Court's July 1, 2025 order, and this order to Mr. Dockstader's last known address at the Heritage Lane property pursuant to Arizona Rule

of Civil Procedure 4.1(k)(2).

**IT IS FURTHER ORDERED** the time to complete service under Federal Rule of Civil Procedure 4(m) is hereby extended and the United States shall have until December 9, 2025, or 75 days from the date of the Order approving the Motion, whichever is later, to serve defendant Harvey J. Dockstader, Jr.

Dated this 26th day of September, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge

- 3 -