**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Harvey J Dockstader, Jr.,<br>Defendant. | No. CV-25-08139-PCT-KML<br>**ORDER** |

The United States filed this suit to reduce defendant Harvey J. Dockstader, Jr.'s federal income tax assessments to judgment. It appeared Dockstader was evading service, but he was served through alternative means. (Docs. 7, 12.) His default was entered and the United States now seeks default judgment. (Docs. 14, 15.)

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding prejudice to the United States weighs in favor of default judgment because if "default judgment is not granted, [the United States] will likely be

without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of the United States's claims and the sufficiency of its complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (simplified).

The complaint alleges Dockstader did not file a federal income tax return for 2005. (Doc. 1 at 2.) Eventually the United States Tax Court issued a decision "that Dockstader owed a deficiency in income tax for the 2005 tax year" as well as additions permitted by law. (Doc. 1 at 2.) Dockstader was provided notice demanding payment, but no payment has been made. (Doc. 1 at 3-4.) As of June 27, 2025, when this case began, the amount owed for the 2005 tax year was $1,432,662.50. (Doc. 1 at 4.)

"Res judicata principles apply in tax litigation." *Russell v. Comm'r*, 678 F.2d 782, 785 (9th Cir. 1982). The parties in this suit and in the Tax Court are identical, the Tax Court was a court of competent jurisdiction, that court issued a final judgment on the merits, and the same claim for taxes owing from 2005 was presented and resolved by the Tax Court. *See United States v. Edlefsen*, No. 2:13-CV-00685-SU, 2014 WL 12579787, at *8 (D. Or. July 23, 2014), *report and recommendation adopted*, No. 2:13-CV-00685-SU, 2014 WL 12585713 (D. Or. Sept. 17, 2014). Dockstader therefore cannot relitigate his tax liability for 2005. The United States has adequately alleged it is entitled to relief, and these factors support entry of default judgment.[1]

---

[1] The United States argues it timely brought this suit because "the statute of limitations was tolled due to an offer in compromise Dockstader submitted." (Doc. 15 at 4.) The statute of limitations at issue appears to be an affirmative defense that Dockstader would have been required to raise for it to apply. *See United States v. Adent*, 821 F.3d 911, 914 (7th Cir. 2016). Even if he had done so, the United States is correct that the offer in compromise tolled the limitations period for a sufficient period to render this suit timely. 26 U.S.C. § 6503(a)(1) (limitations period is suspended for period "Secretary is prohibited from" collecting); 26 U.S.C. § 6331(k)(1) (offer in compromise prohibits levy).

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014). The judgment sought is large, but Dockstader stipulated to the Tax Court decision and the amount has grown only because of interest and Dockstader's failure to pay. The amount in controversy is a direct result of Dockstader's actions and is "proportional to the harm caused by [his] conduct." *Landstar*, 725 F. Supp. 2d at 921. This factor supports entry of default judgment.

**4. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. The Tax Court decision and Dockstader's refusal to participate in this suit means there is no indication of such disputes. This factor weighs in favor of default judgment.

**5. Excusable Neglect**

The sixth factor looks to whether Dockstader's failure to appear is the result of excusable neglect. He was served and there is no evidence excusable neglect caused his failure to appear. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributed to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). This factor supports default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplified).

**7. Default Judgment is Merited**

Based on the factors, default judgment is appropriate.

**8. Damages**

It is the United States' burden to prove the amount of its damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). The Tax Court decision, plus statutory interest and penalties, establishes the exact amount of judgment to enter. That amount is appropriate.

**IT IS ORDERED** the Motion for Default Judgment (Doc. 15) is **GRANTED**. Judgment shall be entered in favor of the United States and against Harvey J. Dockstader, Jr., for his unpaid tax labilities for the 2005 tax year in the amount of $1,501,925.76 as of February 25, 2026, plus statutory interest and penalties accruing thereafter until paid in full. The Clerk of Court shall close this case.

Dated this 17th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**